TAUTPHOEUS v. HARBOR & SUBURBAN BLDG. & SAV. ASS'N.

(Supreme Court, Appellate Division, First Department. May 12, 1905.)

**1. REFORMATION OF INSTRUMENT—JURISDICTION.**

Where a building and loan association certificate promised to pay the face thereof on 30 days' written notice at any time after 72 months from the date thereof, and an action was brought thereon before the expiration of 72 months from the date as expressed on the face of the instrument, a court of law had no power to disregard the date of the certificate and permit a recovery thereunder on the ground that the date was erroneous, a reformation of the instrument being necessary.

**2. BUILDING AND LOAN ASSOCIATION—CONTRACT WITH MEMBERS.**

The articles of association and by-laws of a building and loan association are a part of the contract with a member, especially in view of direct provision of the articles and by-laws to that effect.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Building and Loan Associations, § 5.]

**3. SAME—CERTIFICATE—CONSTRUCTION.**

Where a certificate issued by a building and loan association to a member provides that it is "issued and accepted subject to the articles of association, by-laws and terms and conditions expressed on back hereof," the articles of association and by-laws are a part of the contract, though not expressed on the back thereof.

**4. SAME—ARTICLES OF ASSOCIATION AND BY-LAWS.**

The provisions of the articles of association and by-laws of a building and loan association that, on maturity of certificates, payments should be made in the order in which applications for withdrawal were received, and that the association should not be required to pay out on withdrawing or matured stock more than one-half the amount received from dues and stock payments in any month, are binding on certificate holders.

Appeal from Trial Term, New York County.

Action by Christopher F. Tautphoeus against the Harbor & Suburban Building & Savings Association. From a judgment for plaintiff, defendant appeals. Reversed.

See 88 N. Y. Supp. 709.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Alexander S. Bacon, for appellant.

Hector M. Hitchings, for respondent.

O'BRIEN, J. ·This is an action at law to recover the sum of $1,-015 and interest. The complaint alleges that on February 3, 1897, the defendant, in consideration of $1,000 cash then paid into its treasury, issued and sold a certificate for 10 shares of its guarantied' 6 per cent. income stock, of the par value of $1,000, and that on December 1, 1899, this certificate was sold and delivered to the plaintiff with the consent of the defendant; that the original certificate was then turned over to the defendant, and was by it canceled, and in lieu and place thereof there was issued a duplicate certificate in the following form:

"This certifies that Christopher F. Tautphoeus of Manhattan Boro, County of New York, State of New York, is a member of the Harbor and Suburban Building and Savings Association and has subscribed for and is the owner of ten shares of Guaranteed 6% Income Stock therein, of the par or maturity

value of One Hundred Dollars each. This certificate is issued and accepted subject to the Articles of Association By-laws and Terms and conditions expressed on back hereof and is transferable only on the books of the Association, after its surrender properly assigned. Given under the seal of the Harbor and Suburban Building and Savings Association at New York City, this first day of December, 1899."

It is further alleged that upon the back of the certificate there was the following statement, and that only:

"This certificate is guaranteed against any assessments. As to payment of dividends of $1.50 per share, on the first days of January, April, July and October of each year. As to payment of principal sum in United States gold coin of standard weight and fineness, or its equivalent, on thirty days' written notice, given by the holder to the Secretary, at the principal office of the Association, at any time after 72 months from date hereof. As equal to a payment of cash for its face value in the purchase of any piece of real property from the Association."

The complaint then alleges that the date upon this duplicate certificate was by error made December 1, 1899, instead of February 3, 1897, as it should have been, and that the 72 months mentioned upon the back of the certificate, and calculating from the date of the original certificate, expired on the 3d day of February, 1903, at which time the plaintiff became entitled to the repayment of the entire principal, amounting to $1,000, and dividends of $15; that the plaintiff filed with the defendant written notice of withdrawal, and a demand for the payment of the certificate, which the defendant acknowledged, and it promised to pay the same, but has failed to do so; and this action is brought to recover the amount alleged to be due.

By its answer the defendant denies any knowledge or information sufficient to form a belief as to the allegation of the complaint that there was an error in the date of the certificate sued upon, and denies that any sum is now due or owing under the terms of that certificate. For a further defense, it alleges that, in addition to the statement expressed upon the back of the certificate, the plaintiff took it subject to the articles of association and by-laws of the defendant, and especially subject to section "b" of article 18 thereof, by which it is provided, in substance, that payments upon certificates shall be made in the order in which applications for their withdrawal are received by the association, and that it "shall not be required to pay out on withdrawing or matured stock more than one-half the amount received from dues and stock payments in any month." It admits the filing of the plaintiff's notice of withdrawal, but alleges that on or after such filing the defendant has paid out up to the commencement of the action and on prior applications at least one-half the amount received from dues and stock payments in each and every month, and that it is not required by article 18 of its articles of association, above cited, to pay out more than that amount, and therefore that nothing is due and payable upon the certificate held by the plaintiff.

There is substantially no dispute as to the facts. The plaintiff contends that the certificate is an absolute promise to pay the amount stated therein at the expiration of 72 months from February

3, 1897. The defendant, upon the other hand, contended at the trial, as it does now, first, that, upon the face of the certificate itself, it appears that no payment will be due thereunder until December 1, 1905, or 72 months after the date which it bears, to wit, December 1, 1899, and that, this date being a material part of the certificate, it cannot be reformed in an action at law; second, assuming the court has power to reform the certificate in this respect, that still the certificate is subject to article 18, cited, and that the company has paid out upon prior certificates all that it was required to pay under that article up to the time of the trial, and therefore the plaintiff was not entitled to a recovery.

In our opinion, the defendant's contentions are well founded. By the answer it puts in issue the allegation of the complaint that there is an error in the date as expressed upon the certificate on which the action is brought; and it is apparent that, before the plaintiff could have a recovery under that certificate, it was necessary to reform or correct it in this respect. The reformation of a written instrument, however, is a subject of which equity alone has cognizance. Although the distinction between the actions at law and suits in equity has been abolished, yet the distinguishing features of the two classes of remedies, legal and equitable, are as clearly marked and rigidly observed now as they ever were; and this is necessary for the orderly administration of justice, and the preservation of the substantial rights of suitors. Chipman v. Montgomery, 63 N. Y. 230; Gould v. Band, 86 N. Y. 83; Stevens v. Mayor, 84 N. Y. 304; Heywood v. Buffalo, 14 N. Y. 540.

Courts of law act on the contracts of parties as they find them, applying when doubts arise those reasonable rules of construction which have been established to ascertain the true intent and meaning of the parties. But while a court of law has the power to construe an instrument as it stands, and can apply legal remedies to enforce it, nevertheless it has no power to reform or alter in a material respect the contract as written. For this purpose courts of equity were originally established, and it is their particular province to relieve from mistakes and omissions in the contract itself. Where it clearly appears from the face of the instrument that there is such an omission, and the error is not material, so that the party's right to a recovery does not depend upon its correction, as, for instance, where the insertion of an omitted date is required merely for the purpose of identifying the instrument—then resort to a court of equity may not be necessary. Penny v. Gillett, 7 Wkly. Dig. 101. But where an alteration sought to be made in a contract is a material one, and the plaintiff's right to a recovery depends upon its being made, then the parties must go before a court of equity and there ask for a reformation of the contract.

The plaintiff's right to recovery here depends upon the date of the instrument. According to its terms, the amount specified therein will not become due in any event until the expiration of 72 months from the date appearing in the certificate itself. At the time of the trial the 72 months had not expired, if the date specified in the contract be taken as expressing the contract of the parties.

It was claimed by the plaintiff, however, upon the theory that there had been a mistake in the date, that a recovery could be had; but the alteration of a date, where a right to a recovery depends upon it, is very different from the alteration of a date which is made merely for the purpose of identification, and which does not affect the plaintiff's cause of action. Here nothing was due unless the contract was first reformed. That issue was raised by the pleading, and before any evidence was taken at the trial the defendant moved for a dismissal of the complaint on plaintiff's opening and the pleadings, upon the ground that a common-law court, in which the action then was, had no power to reform the instrument in this respect. This motion was repeated at the close of the plaintiff's case and at the close of the trial, and, for the reasons stated, it should have been granted. This error necessitates a reversal of the judgment.

Nor do we think, under the proof, that the plaintiff was entitled to recover, even if it be assumed that the court which tried the case had the power to effect the alteration in the date of the certificate. The articles of association and by-laws of the defendant were a part of the contract made with this plaintiff as a member of the association. Engelhardt v. Fifth Ward Loan Association, 148 N. Y. 281, 42 N. E. 710, 35 L. R. A. 289. The articles of association, by article 6, subd. "c," provide that :

"Each shareholder, on receiving a certificate of stock or a passbook for a certificate, thereby binds himself or herself in all respects to comply with the articles of association of this association, its by-laws and all regulations adopted thereunder."

And article 23 provides that:

"The terms and conditions expressed in the certificates of stock, together with the application for membership, and the articles of association, by-laws and any regulations adopted thereunder, form the contract of the shareholders with the association and with the holders of nonwithdrawable shares and with each other."

As a member of the defendant association, the plaintiff was bound by these provisions, including article 18, already referred to; and the certificate itself, upon which he predicates his right to a recovery, contains the statement that it is "issued and accepted subject to the articles of association, by-laws and terms and conditions expressed on back hereof." The plaintiff urges, however, that the meaning of this statement is that the certificate shall be subject to whatever is expressed upon the back thereof, and to that only, and as the provision of article 18, limiting the amount which the defendant is required to pay, is not stated upon the back of the certificate, that therefore the certificate is not subject to that provision. We do not think there is merit in this contention. No part of the articles of association or by-laws appear upon the back of the certificate, and to give to it the meaning claimed by the plaintiff would be to nullify the effect of the words in the certificate itself, to wit, that it is subject to the provisions of the articles of association and by-laws. In construing a contract, courts will give effect to all parts not inconsistent with each other, or contrary to the intent of the parties as otherwise manifested. For this reason, we are of

the opinion that the language quoted from the certificate not only makes it subject to the terms and conditions expressed upon the back of it, but also subject to the provisions of the articles of association and by-laws of the defendant organization.

Upon the trial it was proven, without contradiction, that up to that time the defendant had paid out on withdrawing or matured shares, where applications had been filed prior to plaintiff's, at least one-half the amount received by it from dues and stock payments in any month. This was all that it was required to pay out under section "b," art. 18, of the articles of association; and as the certificate was, in our opinion, subject to this article, it follows that at the time of the trial the plaintiff was not entitled to a payment from the defendant.

For these reasons, the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.